FILED

2024 Dec-04  PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| BOB LUJANO and MICHAEL BELEW, on their own behalf and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No.:7:24-cv-01486-AMM |
| Plaintiffs, | ) ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) | |
| GPS HOSPITALITY, LLC, a foreign limited liability company, d/b/a as GPS HOSPITALITY PARTNERS IV, LLC, a foreign limited liability company, | ) ) ) ) ) | |
| Defendant. | ) | |

## <u>PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT</u>

Plaintiffs, BOB LUJANO (hereinafter "Lujano" and/or "Class Representative" or "Plaintiff") and MICHAEL BELEW (hereinafter "Belew" and/or "Class Representative" or "Plaintiff"), on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, hereby amend their original Complaint and file their Amended Class Action Complaint against GPS HOSPITALITY, LLC, d/b/a as GPS HOSPITALITY PARTNERS IV, LLC, (hereinafter collectively "GPS" and/or "GPS Hospitality" and/or "Defendant"), pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P., and allege as follows:

## INTRODUCTION

1.     Plaintiffs, by filing this class action seek to put an end to systemic civil rights violations committed by Defendant GPS HOSPITALITY, LLC, a foreign limited liability company, d/b/a in Alabama as GPS HOSPITALITY PARTNERS IV, LLC, a foreign limited liability company, (hereinafter "GPS" and/or "GPS Hospitality" and/or "GPS Hospitality, LLC" and/or "Defendant"), against people in wheelchairs and/or persons with mobility impairments, who without the obligations imposed by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), would otherwise be denied equal access to the goods and services provided to able-bodied members of the public. Defendant is denying individuals in wheelchairs and/or with mobility impairments equal access to goods and services provided to their able-bodied customers at their Burger King restaurant locations across Alabama in violation of the ADA.

2.     Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated in Alabama against Defendant GPS HOSPITALITY, LLC, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., ("ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), its implementing regulations in connection with access barriers at public accommodations owned, operated, controlled, leased to and/or leased by Defendants ("Defendants' facilities" and/or "Burger King restaurant

locations" and/or "Burger King restaurant locations and/or properties" and/or "Burger King facilities" and/or "Burger King locations" and/or "subject locations" and/or "subject facilities").

3.     Plaintiff, Lujano, has mobility disabilities and is limited in the major life activity of walking which has caused him to utilize a wheelchair for mobility.

4.     Plaintiff, Belew, has mobility disabilities and is limited in the major life activity of walking which has caused him to utilize a wheelchair for mobility.

5.     Plaintiffs have patronized Defendant's Burger King Restaurant locations recently and within the last two years of the filing of this complaint and desire to continue to patronize Defendant's Burger King locations. However, unless Defendant is required to remove the access barriers described below, Plaintiffs will continue to be denied full access to Defendant's facilities as described and will be denied the ability to fully use Defendant's facilities.

6.     Plaintiffs advocate for the rights of similarly situated disabled persons for purposes of asserting their civil rights as well as for purposes of monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

7.     Therefore, on behalf of a class of similarly situated individuals, Plaintiffs seek a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to remove the identified access

barriers so that Defendant's facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA. Plaintiffs further request that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant has revised its company-wide policies, practices and procedures that are presently ineffective at curbing noncompliance with the ADA at its locations.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

8.     Congress enacted the ADA over thirty years ago and in so doing clearly stated its intention to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

9.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life. This lawsuit focuses on Defendant's systemic willful failure to maintain the accessible elements of its places of public accommodation in compliance with the ADA.

10.     Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public

accommodation, either directly, or through contractual, licensing, or other arrangements, from denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

11.    A unanimous Supreme Court upheld the constitutionality of the public accommodations provisions of the Civil Rights Act of 1964 in *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964). The Supreme Court agreed that Congress possessed the authority to outlaw discrimination in public accommodations on the basis of race. *Id.* at 261-62. Congress acted again to outlaw discrimination in public accommodations—this time on the basis of disability. 42 U.S.C. § 12182(b)(1)(D).

12.    Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of [accommodations] by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Congress made no distinction whether the owner was a natural person, a partnership, a corporation, or any other type of structure allowed under the law. Congress outlawed discrimination on the basis of disability.

13.    The ADA expressly contemplates loss of opportunity as an actionable injury. Congress included within the Act the stated goal of assuring "equality of

opportunity" to disabled persons. 42 U.S.C. § 12101(a). The ADA provides a cause of action to "any person who is being subjected to discrimination" and expressly states that "it shall be discriminatory to subject an individual or class of individuals on the basis of disability … *to a denial of the opportunity* of the individual *or class* to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(a), (b) (emphasis added). A disabled plaintiff is denied the opportunity to participate in or benefit from the goods and services, which is among the ADA's general prohibitions, in a number of ways, including a Defendant's "failure to remove architectural barriers," which is among the specific prohibitions listed in § 12182(b). Thus, the disabled plaintiff suffers an ongoing injury so long as he or she is effectively denied the opportunity to participate in or benefit from the goods, services, facilities, advantages, or accommodations of the entity.

## **JURISDICTION AND VENUE**

14.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42U.S.C. § 12188.

15.    Plaintiffs' claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

16.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or

omissions at issue occurred. Plaintiffs Lujano and Belew reside in this judicial district.

**PARTIES**

**Plaintiffs**

17.    Lujano is an Alabama resident who qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Lujano's disability has caused him to be limited in the major life activity of walking. Lujano utilizes a wheelchair for mobility. Lujano brings this action on behalf of himself and a class of persons who are also mobility impaired.

18.    Belew is an Alabama resident who qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Belew's disability has caused him to be limited in the major life activity of walking. Belew utilizes a wheelchair for mobility. Belew brings this action on behalf of himself and a class of persons who are also mobility impaired.

19.    Lujano and Belew, acting as the Class Representatives, are advocates for the rights of similarly situated mobility impaired individuals for asserting their civil rights and monitoring, ensuring, and determining whether places of public

accommodation are in compliance with the ADA and provide safe and equal access to people in wheelchairs.

20.    Because of their disabilities, Class Representative Plaintiffs are a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101, *et seq*.

**Defendant**

21.    Defendant GPS HOSPITALITY, LLC, is a Florida limited liability company with its corporate headquarters located at 2100 Riveredge Pkwy, Suite 850, Atlanta, GA, 30328. Defendant GPS HOSPITALITY, LLC does business in Alabama as GPS HOSPITALITY PARTNERS IV, LLC, a Delaware limited liability company, also with its corporate headquarters located at 2100 Riveredge Pkwy, Suite 850, Atlanta, GA, 30328.

22.    Upon information and belief, GPS Hospitality owns, leases, operates, maintains, and/or manages "Burger King" brand fast food restaurants across Alabama and are responsible for the design, construction, and/or alteration, as well as the policies, practices, and procedures at the subject properties, including the discriminatory architectural barriers, policies, practices, and procedures as alleged in this Complaint.

## STATEMENT OF FACTS

**Defendant's Corporate Structure and Operations**

23.    Defendant's fast-food restaurants are public accommodations pursuant to 42 U.S.C. § 12181(7)(F).

24.    Defendant owns, operates, controls and/or leases places of public accommodation.

25.    Defendant's facilities are not fully accessible to, and independently usable by individuals who use wheelchairs or otherwise have mobility impairments.

26.    Defendant operates at least twenty-five (25) "Burger King" brand fast-food restaurants across Alabama.

27.    On information and belief, Defendant maintains control over all decisions regarding the specifications, purchase, installation, construction, renovation, maintenance, and repair of fixtures, furnishings, and other accessible elements inside and outside its locations including, but not limited to, accessible parking facilities, accessible restrooms, and self-service dispensing devices for beverage lids, straws, condiments, and napkins.

**Defendant's Services are Inaccessible for the Mobility Impaired**

28.    There are approximately 31.2 million people in the United States that have mobility related disabilities which require assistive devices such as wheelchairs, scooters and/or walkers.[1] There are over 658,000 people in the State of

---

[1] Centers for Disease Control and Prevention, National Center on Birth Defects and Developmental Disabilities, Division of Human Development and Disability. Disability and Health Data System (DHDS) Data [online]. [accessed August 15, 2024]. URL: https://dhds.cdc.gov

Alabama that have mobility related disabilities which require assistive devices such as wheelchairs, scooters, and/or walkers.[2]

29.    In September of 2018, the U.S. Department of Transportation published a document entitled *Travel Patterns of American Adults with Disabilities,* that examined several attributes of these individuals including household demographics, vehicle ownership, trip frequency, and mode of transport.  See, Exhibit "A" attached hereto.  The study found that among people aged 18 to 64, people with disabilities made on average 2.6 trips per day compared to 3.6 trips for those without disabilities. Id. at p. 5 of 11.

30.    The document also compared trip distance for workers with disabilities, with trip distance for workers without disabilities, and found those with disabilities traveled 9.4 miles while those without disabilities traveled 12 miles.  See Ex. A, at p. 8 of 11.  It also noted non-workers with disabilities travel an average of 7.5 miles versus 9.5 miles for non-workers without disabilities.  Id.

31.    When examining both rural and urban populations, of those with and those without disabilities, the study found that the travel variation in distances between the populations was no statistically significant.  See, Ex. A, at p. 8 of 11.

---

[2] Centers for Disease Control and Prevention, National Center on Birth Defects and Developmental Disabilities, Division of Human Development and Disability. Disability and Health Data System (DHDS) Data [online]. [accessed August 15, 2024]. URL: https://dhds.cdc.gov

"Similarly, the differences in travel times between peoples with and without disabilities are not statistically significant for rural or urban residents. Id.

32.     As previously noted, Defendant controls at least 25 Burger King brand restaurants located across Alabama. Hence, some significant portion of the over 658,000 residents across Alabama which have mobility related disabilities that require assistive devices such as wheelchairs, scooters and/or walkers, encounter discrimination at Defendant's locations on a regular basis.

33.     Defendant has systematically and willfully, intentionally, or negligently discriminated against individuals with mobility disabilities by implementing and maintaining consistently inadequate corporate policies and company-wide practices that result in routine violation of the ADA's accessibility guidelines and consistently produce access barriers at Defendant's facilities across Alabama. The resulting discrimination suffered by the plaintiffs at the hands of the Defendant are not unique to the individually named plaintiffs but is shared by all similarly situated disabled individuals and members of the putative Class.

34.     On information and belief, Defendant has direct knowledge of its duty to comply with the ADA's accessibility guidelines yet intentionally refuses to do so. The intentional noncompliance by Defendant amounts to an unofficial policy of discrimination—a common issue weighing in favor of class certification. Defendant has willfully maintained violations of the ADA's accessibility guidelines despite its

knowing obligation to cure same and in so doing has perpetuated the existence and occurrence of discriminatory barriers to safe and equal access affecting Plaintiffs and all similarly situated disabled persons including members of the putative class.

35.     Defendant's continued practice of intentional noncompliance amounts to an unofficial policy of discrimination responsible for the barriers to equal access common to the Defendant's locations encountered by Plaintiffs as set forth herein. Defendant's company-wide *de facto* policy of discrimination has caused architectural barriers to equal access common to its properties across Alabama. In fact, numerous properties owned, operated, leased, managed and/or controlled by Defendant have common exterior and interior elements that are inaccessible to individuals who rely on wheelchairs for mobility, or are otherwise mobility impaired. These inaccessible elements have persisted for years as a result of Defendant's continued company-wide practice of intentional noncompliance and *de facto* policy of discrimination.

36.     Unless Defendant is required to remove the numerous access barriers described herein and required to change its discriminatory policies and practices so that the access barriers do not reoccur at Defendant's Burger King restaurant properties, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described and will be deterred from fully using Defendant's facilities across Alabama.

37.    Plaintiff Lujano has visited at least one of Defendant's facilities prior to the filing this class action complaint and on several occasions but was denied full, safe, and equal access to, and full and equal enjoyment of, said facilities as a result of Defendant's discriminatory barriers existing within and about GPS HOSPITALITY, LLC's Burger King restaurant property locations. The access barriers present at Defendant's facilities make it impossible for a wheelchair user to fully and independently experience Defendant's facilities in a manner that equals the experience provided to Defendant's able-bodied customers.

38.    Plaintiff Belew has visited at least one of Defendant's facilities prior to the filing this class action complaint and was denied full, safe, and equal access to, and full and equal enjoyment of, said facilities as a result of Defendant's discriminatory barriers existing within and about Defendant's Burger King restaurant property locations. The access barriers present at Defendant's facilities make it impossible for a wheelchair user to fully and independently experience Defendant's facilities in a manner that equals the experience provided to Defendant's able-bodied customers.

39.    The facilities owned, operated and/or controlled by Defendant not only have interior violations which directly affect wheelchair users' accessibility, they have exterior violations which make it impossible for the safe, independent and

equal entry to their restaurants for people who rely on wheelchairs for mobility, or are otherwise mobility impaired.

40.    Defendant is required to remove existing architectural barriers when such removal is readily achievable for its places of public accommodation that existed prior to January 26, 1992, 28 CFR 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals with mobility impairments and/or individuals who use wheelchairs or other assistive devices, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

41.    Because Defendant's restaurants are constructed, altered, repaired, operated, controlled and/or uniformly maintained by Defendant with respect to the interior and exterior elements in ways that violate the ADA, Plaintiffs seek to certify a class action pursuant to Fed. R. Civ. P. 23.

**Experience of Named Plaintiffs**

42.    Plaintiff Lujano has visited the facility owned, operated, and/or controlled by Defendant located at 2515 Stillman Boulevard in Tuscaloosa, Alabama within the last two years, where he experienced unnecessary difficulty and/or risk in the exterior and interior facilities of the property because of barriers which prevented and continue to prevent safe and equal access to goods and services for people in wheelchairs and/or with mobility impairment, which constitute discriminatory ADA accessibility violations at Defendant's property as set forth in more detail below.

43.    Plaintiff Belew has visited the facility owned, operated, and/or controlled by Defendant located at 3808 McFarland Boulevard in Tuscaloosa, Alabama within the last two years, where he experienced unnecessary difficulty and/or risk in the exterior and interior of the property because of barriers which prevented and continue to prevent safe and equal access to goods and services for people in wheelchairs and/or with mobility impairment, which constitute discriminatory ADA accessibility violations at Defendant's property as set forth in more detail below.

**Barriers Existing at Defendant's Locations**

44.    On behalf of Plaintiffs, their representatives visited twenty-five ("25") of the Burger King restaurant locations owned by Defendant across Alabama and examined and found the following common ADA violations at each location:

The parking surface of one or more of the designated accessible parking spaces is not level as defined by the ADA and has persistent and/or

variable slopes within the space that exceed the ADAAG maximum slope allowance (2.083%) for accessible surfaces.

The self-service fountain drink lid, straw, napkin and/or condiment dispenser tray is installed or otherwise positioned so that one or more size variations of the fountain drink lids, straws, napkins, or condiments are beyond the ADAAG maximum reach range allowances for equal access to wheelchair users.

The entry door to one or both accessible restrooms (men's and women's) closes too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch) prohibiting equal access to wheelchair users, and/or requires excessive force (more than 5-foot pounds of force) to open.

45.     Set forth below is a list of the Defendants' locations that were visited by Plaintiffs' representatives with violations identified above.

**Defendant's Alabama Locations**

    a)  4900 Skyland Blvd E, Tuscaloosa, Alabama

    b)  3808 McFarland Blvd, Tuscaloosa, Alabama

    c)  1601 McFarland Blvd, Tuscaloosa, Alabama

    d)  2515 Stillman Blvd, Tuscaloosa, Alabama

    e)  639 Alabama Hwy 28, Livingston, Alabama

    f)  1501 Gulf Shores Pkwy, Gulf Shores, Alabama

    g)  21890 Alabama Hwy 59, Robertsdale, Alabama

    h)  700 McMeans Ave, Bay Minette, Alabama

    i)  659 Government St, Mobile, Alabama

    j)  3004 Airport Rd, Mobile, Alabama

k) 3949 Government Blvd, Mobile, Alabama

l) 5380 US Hwy 90, Mobile, Alabama

m) 6403 Cottage Hill Rd, Mobile, Alabama

n) 7775 Moffett Rd, Mobile, Alabama

o) 7701 Airport Blvd, Mobile, Alabama

p) 7050 Theodore Dawes Rd., Theodore, Alabama

q) 3875 Airport Blvd, Mobile, Alabama

r) 3200 Springhill Ave., Mobile, Alabama

s) 2924 St. Stephens Rd., Pritchard, Alabama

t) 19755 Greeno Rd., Fairhope, Alabama

u) 29685 AL 181, Daphne, Alabama

v) 29295 US 98, Daphne, Alabama

w) 13051 N. Hickory St., Loxley, Alabama

x) 910 S. McKenzie St., Foley, Alabama

y) 310 Hwy 42 S, Saraland, Alabama

46.   As of the filing of this Class Action Complaint, on information and belief, the discriminatory barriers as set forth herein continue to remain in place at Defendant's facilities, the Class Representative Plaintiffs remain disabled, are "able and ready" and specifically intend to visit the Defendant's facilities once the Defendant is required to make them compliant. However, if the Class Representative

Plaintiffs do return to the Defendant's Burger King Locations before the facilities are made compliant, the same discrimination will recur until the facilities are made compliant. Thus, because of the ongoing nature of the Defendant's discrimination, the Class Representative Plaintiffs may be deterred from visiting Defendant's Burger King Locations and are currently unable to enjoy the same goods and services available to able bodied individuals that visit Defendant's locations. Notwithstanding the ongoing discrimination, Plaintiffs may in fact continue to visit additional Burger King locations of Defendant.

## CLASS ACTION ALLEGATIONS

47.    Defendant has discriminated against, and continues to discriminate against customers with mobility disabilities, as more fully set forth in this Complaint.

48.    The named Plaintiffs encountered accessibility barriers described in this Class Action Complaint at Defendant's Burger King Restaurant locations because they use wheelchairs. On information and belief, class members have also experienced the same barriers to full and equal access that Plaintiffs have experienced, and such barriers have existed and continue to exist at Defendant's Burger King restaurant locations across Alabama.

49.    Plaintiffs and Class members have been injured by Defendant's failure to comply with the ADA.

50.    Plaintiffs Lujano and Belew bring this class action pursuant to Fed. R. Civ. P. 23 of the Federal Rules of Civil Procedure on their own behalf and on behalf of the following class of persons:

> All persons with mobility disabilities who use wheelchairs or are otherwise disabled due to mobility-related issues, who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any GPS HOSPITALITY, LLC's Burger King restaurant locations in Alabama on the basis of disability because of the presence of inaccessible parking, inaccessible restroom entrances, and inaccessible self-service drink lid, drinking straw, condiment, and/or napkin dispensing devices, among other barriers.

51.    Excluded from the class are the Defendant GPS HOSPITALITY, LLC, any person, firm, trust, corporation or other entity affiliated with the Defendant, and members of the federal judiciary.

52.    Pursuant to Fed. R. Civ. P. 23(a)(1) the members of the Class, or any applicable subclasses, are so numerous and geographically dispersed that joinder of all members is impracticable. As noted above, there are over 658,000 individuals in Alabama that have mobility related disabilities. It is foreseeable that many of them will attempt to visit Defendant's locations and encounter barriers.

53.    Moreover, it is foreseeable that mobility impaired individuals who reside in other states might stop at one of Defendant's locations while travelling by motor vehicle through Alabama, as many of its locations are situated on or just off major state and interstate highways.

54.    Additionally, some people have upper extremity impairments that make pinching, tight grasping, or twisting of the wrist extremely difficult if not impossible. As such, the class identified is believed to consist of hundreds if not thousands of members, and joinder of all such class members in this lawsuit is impracticable. Courts frequently use census data and common sense to determine that the numerosity requirement has been satisfied. See *Gray v. Golden Gate Nat'l Recreational Area*, 279 F.R.D. 501, 508 (N.D. Cal. 2011) (using U.S. Census data to infer that thousands of persons with mobility and/or vision disabilities visit Defendant's park each year).

55.    Pursuant to Fed. R. Civ. P. 23(a)(2) common questions of fact and law exist as to all members of the Class and any applicable subclasses. These common questions include but are not limited to, whether: Defendant violated Title III of the ADA with regard to their accessible parking, their accessible restrooms, and their self-service dispensing devices for beverage lids, straws, condiments, and/or napkins. All of the foregoing questions are common to the Class or any applicable subclasses(s).

56.    The claims of the Proposed Class Representatives are typical of the claims of the Class and/or any subclass. The individual Plaintiffs, like all other members of the Class and/or subclasses, have mobility impairment issues and assert that Defendant has violated the ADA by designing and/or controlling the

discriminatory specifications, installation, construction, renovation, maintenance, and/or repair of all required accessible elements inside and outside the restaurant resulting in inaccessible parking facilities, restrooms, and self-service dispensing devices for beverage lids, straws, condiments, and/or napkins.

57.    The Proposed Class Representatives will fairly and adequately protect the interests of the Class and any applicable subclasses. Plaintiffs have no interests that are antagonistic to absent Class members or members of any applicable subclass. Plaintiffs have retained counsel with extensive experience in litigation brought both under the ADA as well as with class action litigation.

58.    The Proposed Class Representatives and retained counsel are aware of their fiduciary responsibilities to the Class and any subclasses and are determined to diligently discharge those duties.

59.    This action may be maintained pursuant to Rule 23(b)(2), because Defendant's actions in designing and/or controlling the discriminatory specifications, installation, construction, renovation, maintenance, and/or repair of all required accessible elements inside and outside the restaurant resulting in inaccessible parking facilities, self-service dispensing devices for beverage lids, straws, condiments, and/or napkins at its Burger King locations are actions that apply generally to the Class and any applicable subclass. Accordingly, injunctive and declaratory relief are appropriate for the Class as a whole.

60.    To the extent necessary, the Court may make use of subclasses to group or categorize the Burger King locations regarding common violations as outlined above.

## SUBSTANTIVE VIOLATION

61.    The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs or who have mobility impairments, and/or that Defendant's facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs or have mobility impairments.

62.    Furthermore, the architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

63.    Defendant's repeated and systemic failures to design, construct and alter facilities so that they are readily accessible and usable, to remove architectural barriers, and to alter its policies, practices and procedures constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

64.    Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

65.     Defendant is required to provide individuals who use wheelchairs or otherwise have qualified mobility disabilities full and equal enjoyment of its facilities. 42 U.S.C. § 12182(a).

66.     Defendant has failed, and continue to fail, to provide individuals who use wheelchairs or otherwise have qualified mobility disabilities with full and equal enjoyment of its facilities.

67.     Defendant has discriminated against Plaintiffs and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs or otherwise have qualified mobility disabilities, in violation of 42 U.S.C. § 12182(a) as described above.

68.     Defendant's conduct is ongoing and continuous, and Plaintiffs have been harmed by Defendant's conduct.

69.     Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiffs and the Class.

70.     Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs or otherwise have qualified mobility disabilities, Plaintiffs seek declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly

situated pray for:

a.  A declaratory judgment that Defendant is in violation of
the specific requirements of Title III of the ADA described
above, and the relevant implementing regulations of the
ADA, in that Defendant's facilities, as described above,
are not fully accessible to, and independently usable by,
individuals who use wheelchairs or otherwise have
qualified mobility disabilities;

b.  A permanent injunction pursuant to 42 U.S.C. §
12188(a)(2) and 28 CFR § 36.501(b) which directs
Defendant to: (i) take all steps necessary to remove the
architectural barriers described above and to bring its
facilities into full compliance with the requirements set
forth in the ADA, and its implementing regulations, so that
its facilities are fully accessible to, and independently
usable by, individuals who use wheelchairs and otherwise
have qualified mobility disabilities; (ii) that Defendant
change its policies and practices to prevent the
reoccurrence of access barriers post-remediation; and, (iii)
that Plaintiffs shall monitor Defendant's facilities to
ensure that the injunctive relief ordered above remains in
place.

c.  An Order certifying the class proposed by Plaintiffs, and
naming Plaintiffs as class representatives and appointing
their counsel as class counsel;

d.  Payment of costs of suit;

e.  Payment of reasonable attorneys' fees, pursuant to 42
U.S.C. § 12205 and 28 CFR § 36.505; and,

f.    The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully submitted this the 4th day of December, 2024.

/s/ *Edward I. Zwilling*
Edward I. Zwilling (ASB-1564-L54E)
LAW OFFICE OF EDWARD I. ZWILLING, LLC
4000 Eagle Point Corporate Drive
Birmingham, AL 35242
T: (205) 822-2701
E: edwardzwilling@zwillinglaw.com


/s/ *Peter H. Burke*
Peter H. Burke (ASB-1992-K74P)
CR LEGAL TEAM, LLP
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
T: 205-747-1901
E: phburke@crlegalteam.com

/s/ *John Allen Fulmer II*
John Allen Fulmer II (ASB-1089-O42F)
FULMER LAW FIRM, PC
2330 Highland Avenue, South
Birmingham, AL 35205
T: (205) 210-5555
E: jaf@jafulmerlaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to each registered participant.

<span style="float:right;">*s/ Edward I. Zwilling*_____<br>**OF COUNSEL**</span>